******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RICHARD LANGSTON *v.* COMMISSIONER OF CORRECTION
## (SC 20221)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

Argued December 18, 2019—officially released March 17, 2020

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, granted the respondent's motion to dismiss and rendered judgment thereon, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *DiPentima, C. J.*, and *Lavine and Eveleigh, Js.*, which affirmed the habeas court's judgment, and the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Robert L. O'Brien*, assigned counsel, with whom, on the brief, was *Christopher Y. Duby*, assigned counsel, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *David M. Carlucci*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. In December, 2014, the petitioner, Richard Langston, filed a petition for a writ of habeas corpus, later amended in 2016, which was the most recent in a series of state and federal habeas corpus petitions challenging his 1999 conviction, rendered after a jury trial, of numerous offenses, including robbery in the first degree. Following a hearing on a request for an order to show cause filed by the respondent, the Commissioner of Correction, the habeas court rendered judgment dismissing that petition on the ground that the petitioner had failed to show good cause for his untimely filing pursuant to General Statutes § 52-470 (d) and granted the petitioner certification to appeal to the Appellate Court. The petitioner now appeals, upon our grant of his petition for certification,[1] from the judgment of the Appellate Court affirming the judgment of the habeas court dismissing the petition. *Langston* v. *Commissioner of Correction*, 185 Conn. App. 528, 197 A.3d 1034 (2018). On appeal, the petitioner claims that the Appellate Court incorrectly concluded that the habeas court did not abuse its discretion in dismissing the petition because, in filing it late, he had relied on the advice of an attorney who had represented him in connection with an earlier habeas petition filed in 2012 and who had advised him to withdraw that validly filed petition while a motion to dismiss was pending and to file the present one in its place, even though it would be subject to a statutory presumption of delay.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] We granted the petitioner's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly uphold the habeas court's dismissal of the petitioner's petition for a writ of habeas corpus on the ground that he did not present 'good cause' for his delay in filing the petition, pursuant to . . . § 52-470 (d)?" *Langston* v. *Commissioner of Correction*, 330 Conn. 946, 196 A.3d 326 (2018).